UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07741-AH-(AJRx)                    Date   January 15, 2026

Title   *Industrial Bank Co. Ltd. Nanning Branch v. Guo et al.*

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The Court, having reviewed the Plaintiff's Complaint, Dkt. No. 1, and Defendant Xin Guo's Motion to Set Aside Default and Quash Service, Dkt. No. 22, is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. §

1332(a).  Specifically, Plaintiff's complaint alleges diversity jurisdiction but does not establish the citizenship or domiciliary of Defendants, *see* Dkt. No. 1 at ¶¶ 2-4 (noting that Defendants are individuals "who [are] believed to reside in Walnut, California") and Defendant's Motion to Set Aside Default and Quash Service raises questions as to whether there is complete diversity.

Plaintiff is ORDERED TO SHOW CAUSE, in writing, by January 21, 2026, why this action should not be dismissed for lack of subject matter jurisdiction. Any response shall be limited to ten (10) pages in length.  Defendants may also file an optional response by the same date.  Plaintiff's failure to respond timely and adequately to this Order shall result in dismissal of the action without further notice.

In light of this Order, the Court continues the hearings on the pending Motion for Preliminary Injunction, Dkt. No. 32, and Motion to Set Aside Default, Dkt. No. 22, to January 28, 2026 at 1:30 p.m.

**IT IS SO ORDERED.**